## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

MARQUISE ROBBINS,          :

                  :

       Plaintiff,          :

                  :

       v.              :        NO. 5:14-CV-00134-MTT-MSH

                  :

IKECHUKWU AKUNWANNE, et. al.,  :

                  :        PROCEEDINGS UNDER 42 U.S.C. §1983

       Defendants.     :        BEFORE THE U. S. MAGISTRATE JUDGE

                  :

## ORDER & RECOMMENDATION

Plaintiff **MARQUISE ROBBINS**, a state prisoner currently confined at Johnson State Prison in Wrightsville, Georgia, filed this *pro se* civil rights action seeking relief under 42 U.S.C. § 1983.   Plaintiff has been granted leave to proceed *in forma pauperis*; but the filing fee was not waived.   Plaintiff is still obligated to pay the entire $350.00 filing fee using the payment-plan described 28 U.S.C. § 1915(b) and as ordered herein.   The Clerk of Court is thus **DIRECTED** to send a copy of this Order to the warden and/or business manager of facility in which Plaintiff is currently confined.   The undersigned has now also conducted a preliminary review of the Complaint and will allow Plaintiff's Eighth Amendment claims against Defendants Akuwanne, Endres, Smith, and Williams to go forward.   It is **RECOMMENDED**, however, that Plaintiff's claims against Defendant Speights and any Fourteenth Amendment due process claims be **DISMISSED**, pursuant to 28 U.S.C. § 1915A, for failure to state a claim.

1

## STANDARD OF REVIEW

When conducting a preliminary screening pursuant to 28 U.S.C. § 1915A(a), the district court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and must be "liberally construed" by the court. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, a *pro se* prisoner's pleading is still subject to dismissal prior to service if the district court finds that the complaint –when viewed liberally and in the light most favorable to the plaintiff – is frivolous or malicious, seeks relief from an immune defendant, or otherwise fails to state a claim upon which relief may be granted. See 28 U.S.C. §1915A(b).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). To state a cognizable claim, the allegations in the complaint must also do more than "merely create[] a suspicion [of] a legally cognizable right of action." *Id.* at 555; *see also, Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1037 (11th Cir. 2001) (en banc) (citation omitted) ("Pleadings must be something more than an ingenious academic exercise in the conceivable."). "Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). To survive preliminary review, a prisoner's complaint must "raise the right to relief above the

2

speculative level" by alleging facts which create "a reasonable expectation" that discovery will reveal the evidence necessary to prove a claim.  *See Twombly*, 550 U.S. at 555-556.

## ANALYSIS OF CLAIMS

This action arises of out of an alleged denial of medical care at Baldwin State Prison.  In his Complaint, Plaintiff alleges that he has suffered with, and been denied treatment for, an extremely painful skin condition.  Plaintiff first notified officials of his condition in May 2011.  Dr. Akuwanne and Nurse Endres thereafter provided Plaintiff with some treatment, but his condition did not improve.  Plaintiff informed Defendants that the medication prescribed was not working and seemed to actually worsen his symptoms. Akuwanne and Endres nonetheless continued to prescribe the same medications for Plaintiff, which were known to be ineffective, for more than two years before finally referring Plaintiff to a dermatologist in May 2013.  At that time, the dermatologist diagnosed Plaintiff with a skin infection and prescribed the correct medication.  Plaintiff alleges that this medication worked initially, but he has since been unable to refill the prescription for continued treatment.  Plaintiff thus still suffers from the same painful condition almost three years later.

The Complaint also alleges that the officers in charge of determining when inmates are escorted to the medical unit have hindered Plaintiff's attempts to obtain treatment. Unit Manager Rodney Smith and Sergeant Williams have allegedly been aware of Plaintiff's condition, but failed or refused, on multiple occasions, to escort him for medical care.  The healthcare administrator, Defendant Speights, is also allegedly aware of

Plaintiff's condition but has, according to Plaintiff, failed to ensure that he receive effective treatment or his prescribed medication.   Plaintiff thus now seeks an injunction ordering that he be transported to a dermatologist for follow-up treatment and provided the prescribed medication.   Plaintiff is also seeking to recover compensatory damages for violations of his Eighth and Fourteenth Amendment rights.

Plaintiff's allegations, when liberally construed and read in his favor, are sufficient to state Eighth Amendment claims against Defendants Akuwanne, Endres, Smith, and Williams .   The undersigned will also allow Plaintiff to proceed with his state law claims.[1] It is therefore **ORDERED** that service be made on all defendants and that they file an Answer, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.   Defendants are reminded of their duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

It is **RECOMMENDED**, however, that Plaintiff's claims against Defendant Speights be **DISMISSED**.   Plaintiff's Complaint merely alleges that Speights became aware of the alleged denial of medical care through Plaintiff's letters of complaint and the filing of grievances.   These allegations are insufficient to state a claim against a supervisory official under § 1983.   *See Crowder v. Lash*, 687 F.2d 996, 1005-06 (7th Cir. 1982) (rejecting claim that commissioner could be held liable for damages based on receipt

---

[1]     If Plaintiff's federal claims are subsequently dismissed, the Court will likely decline to exercise supplemental jurisdiction over Plaintiff's state law claims. 28 U.S.C. § 1367(c)(3). The undersigned thus finds it unnecessary to reach the merits of his state law claims at this stage of the proceedings.

of a letter describing allegedly improper prison conditions); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (refusing to impose liability on supervisor who merely failed to act based on information contained in a grievance).

To state a claim against a supervisory official, a prisoner must allege facts showing either that the supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation. *H.C. by Hewett v. Jarrard*, 786 F.2d 1080, 1086-87 (11th Cir. 1986). This may be done by alleging that the official either "(1) instituted a custom or policy which resulted in a violation of the plaintiff's constitutional rights; (2) directed his subordinates to act unlawfully; or (3) failed to stop his subordinates from acting unlawfully when he knew they would." *Gross v. White*, 340 F. App'x 527, 531 (11th Cir. July 17, 2009) (citing *Goebert v. Lee County*, 510 F.3d 1312, 1331 (11th Cir. 2007)). Plaintiff's Complaint fails to make any such allegations.

It is also **RECOMMENDED** that any claims Plaintiff intended to bring under the generalized notion of "substantive due process" of the Fourteenth Amendment be **DISMISSED** with prejudice. A claim cannot be asserted under the notion of substantive due process, when a constitutional amendment "provides an explicit textual source of constitutional protection against" that claim. *Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). The Eighth Amendment provides a source of protection for Plaintiff's claims related to the conditions of his confinement. *See Rhodes*, 452 U.S. at 345. Thus, any duplicative "substantive due process" claims fail.

Plaintiff may serve and file written objections to these recommendations with the

district judge to whom this case is assigned within fourteen days after being served a copy of this Order. 28 U.S.C. § 636(b)(1).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.   Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

## DUTY TO PROSECUTE ACTION

Plaintiff must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.   Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.   This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.   A party need not serve the opposing party by mail if the opposing party is represented by counsel.   In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court.   If any party is not represented by counsel, however, it is the responsibility of each

opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff. Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE.   Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with his custodian. Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.

**IT IS HEREBY ORDERED** that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court.  This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first).  The scheduling of a trial may be advanced upon

7

notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party is required to respond to any request which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the Court in the absence of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the Court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall

8

each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

**IT IS ORDERED AND DIRECTED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments.   In addition, Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED**, this 3rd day of June, 2014.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE

9