IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MARQUISE ROBBINS, | : |
| Plaintiff | : |
| VS. | : CASE NO. 5:14-CV-0134 -MTT-MSH |
| IKECHUKWU AKUNWANNE, et.al. | : |
| Defendants | : |

## REPORT AND RECOMMENDATION

Plaintiff Marquise Robbins, a state prisoner currently confined at Georgia State Prison in Reidsville, Georgia, filed this *pro se* civil rights action seeking relief under 42 U.S.C. § 1983. After conducting a preliminary review of Plaintiff's Complaint, the undersigned ordered that service be made on Defendants Akuwanne, Endres, Smith, and Williams. Plaintiff has now amended his Complaint (EFC No. 17) to include claims against various individual defendants for alleged violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA").

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of any new claims included in an amended complaint. *See* 28 U.S.C. § 1915A(a). In so doing, the district court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys"

and are "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). A *pro se* prisoner's pleading is, nonetheless, subject to dismissal prior to service if the court finds that the plaintiff's allegations fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

In this case, Plaintiff's amended allegations—even when liberally construed and read in a light most favorable to Plaintiff—fail to state a claim under the ADA. Title II of the ADA only prohibits discrimination in services, programs, or activities of a "public entity" or "discrimination by any such entity." *See* 42 U.S.C. § 12132; *Edison v. Douberly*, 604 F.3d 1307, 1308 (11th Cir. 2010); 42 U.S.C. § 12131. State agencies and prisons are considered to be "public entities" which may be sued under the ADA. *United States v. Georgia*, 546 U.S. 151, 154 (2006); 42 U.S.C. § 12131(1); *see e.g.*, *Davis v. Ga. Dep't of Corr.*, 2011 WL 1882441, at *5 (S.D. Ga. April 11, 2011). Individuals employed by a state agency or prison are not. *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1172 (11th Cir. 2003). Thus, Plaintiff cannot a state an ADA claim against any of the defendants in their "individual capacities."

Furthermore, to state a claim under the ADA, a plaintiff must allege facts sufficient to show (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities; and (3) that such exclusion, denial of benefits, or discrimination was by reason of his disability. *See Shotz*, 256 F.3d at 1079. Here, Plaintiff's Amended Complaint contains only conclusory allegations that Defendants failed to make "reasonable accommodation" for Plaintiff's "Post-Traumatic Stress Disorder, Anxiety, Insomnia, and

2

Genital Skin Illness" and that they have denied him "meaningful access to the prison's medical services."  Even if the undersigned was to assume that Plaintiff's physical and/or mental illnesses qualify him for protection under the ADA, the conclusory allegations in his "Amended Complaint" do not show that Plaintiff has been denied the benefits of any public service or program because of his disability.  The ADA is also "not a 'remedy for medical malpractice' and would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners."  *Jones v. Rutherford*, 546 F. App'x 808, 811 (11th Cir. 2013); *Schiavo v. Schiavo*, 403 F.3d 1289, 1294 (11th Cir. 2005) (citing *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996)).

It is therefore **RECOMMENDED** that Plaintiff's newly added claims (ECF No. 17) be **DISMISSED** with prejudice.  Plaintiff may serve and file written objections to these recommendations with the district judge to whom this case is assigned within fourteen days after being served a copy of this Order.  *See* 28 U.S.C. § 636(b)(1).

SO RECOMMENDED, this 22nd day of July, 2014.

S/Stephen Hyles<br>UNITED STATES MAGISTRATE JUDGE

3