IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MARQUISE ROBBINS, : | |
| : | |
| Plaintiff, : | |
| : | CASE NO. 5:14-CV-134 -MTT-MSH |
| VS. : | |
| : | |
| IKECHUKWU AKUNWANNE, *et al.*, : | |
| : | |
| Defendants. : | |
| _____ : | |

**REPORT AND RECOMMENDATION**

Presently pending before the Court are Defendants' motion to dismiss (ECF No. 20) and Plaintiff's motion to make conference available from his place of confinement (ECF No. 13) and multiple motions to amend (ECF No. 24, 27.) For the reasons explained below, it is recommended that Defendant's motion be granted. Plaintiff's first motion to amend should be granted in part and his second should be denied. His miscellaneous motion should be denied as moot.

**BACKGROUND**

This action arises of out of an alleged denial of medical care at Baldwin State Prison. Plaintiff alleges that he has been denied treatment for an extremely painful skin condition since May 2011. Dr. Akuwanne and Nurse Endres initially provided Plaintiff with some treatment, but his condition did not improve. Plaintiff informed Defendants that the medication prescribed was not working and seemed to actually worsen his symptoms. Akuwanne and Endres nonetheless continued to prescribe the same

medications for Plaintiff, which were known to be ineffective, for more than two years before finally referring Plaintiff to a dermatologist in May 2013. At that time, the dermatologist diagnosed Plaintiff with a skin infection and prescribed the correct medication. Plaintiff alleges that this medication worked initially, but he has since been unable to refill the prescription for continued treatment. Plaintiff thus still suffers from the same painful condition almost three years later. Plaintiff also alleges that certain officers in charge of determining when inmates are escorted to the medical unit have hindered Plaintiff's attempts to obtain treatment.

After a preliminary review of the Complaint and Plaintiff's subsequent Amended Complaint, the claims against Dr. Akunwanne, Nurse Endres, Unit Manager Smith, and Sergeant Williams for deliberate indifference to his severe medical needs were allowed to proceed. Defendants then moved to dismiss (ECF No. 20) the Complaint for Plaintiff's failure to exhaust his administrative remedies and for failure to state a claim. In response to the motion to dismiss, Plaintiff filed a second amended complaint (ECF No. 24). He also filed a response (ECF No. 28) and a third amended complaint (ECF No. 27). Defendants object to Plaintiff's second and third amended complaints. The Court construes Plaintiff's second and third amended complaints as motions to amend. These motions are now ripe for review.

## DISCUSSION

### I. Motions to Amend

Plaintiff filed his first motion to amend as an "Amended Complaint as a Matter of Course" pursuant to Federal Rules of Civil Procedure Rule 15(a)(1)(B). (ECF No. 24.)

This Second Amended Complaint contains details relevant to his attempts to fully exhaust the available grievance procedure at Baldwin State Prison and additional facts surrounding the alleged deliberate indifference to his medical condition. (Second Am. Compl. 1-4, ECF No. 24.) Although Plaintiff did file his Second Amended Complaint within the time requirements of Rule 15(a)(1)(B), this amendment cannot be an amendment as a matter of course because he previously filed an amended complaint on July 8, 2014. (ECF No. 17.) The Rule provides that a party may amend his pleadings "*once* as a matter of course[.]" Fed. R. Civ. P. 15(a)(1) (emphasis added).

Consequently, Plaintiff's Second and Third Amended Complaints both fall under Rule 15(a)(2) which requires leave of court. Such leave should be "freely give[n]" when "justice so requires." Fed. R. Civ. P. 15(a)(2). However, "a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004).

Because Defendants move to dismiss based on failure to exhaust as a threshold issue, the Court finds that justice requires the granting in part of Plaintiff's Second Amended Complaint. Plaintiff cannot properly respond to the motion to dismiss without the factual allegations contained in the Second Amended Complaint regarding whether Plaintiff fully exhausted a grievance. (Second Am. Compl. 1-2.) The remainder of his Second Amended Complaint contains additional allegations against each of the Defendants regarding claims that, as is explained in detail below, are unexhausted. (Second Am. Compl. 3-4.) It would be futile to allow Plaintiff to amend to add factual allegations regarding unexhausted claims. Thus, it is recommended that Plaintiff's motion to amend

regarding his Second Amended Complaint be granted in part and denied in part.

Plaintiff's Third Amended Complaint (ECF No. 27) contains allegations against Defendants Akuwanne and Endres regarding Plaintiff's medical treatment. "A district court need not . . . allow an amendment . . . where there has been . . . repeated failure to cure deficiencies by amendments previously allowed[.]" *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Plaintiff attempts to cure deficiencies in his complaint by repeatedly filing amendments. His Third Amended Complaint adds additional facts that could have been alleged in his first or second amended complaint. This Court need not allow Plaintiff to continually amend his complaint. Additionally, it is recommended that the claims referenced in the Third Amended Complaint be dismissed for failure to state a claim. It is consequently recommended that Plaintiff's Third Amended Complaint, construed as a motion to amend, be denied.

## II.     Motion to Dismiss

Defendants move to dismiss Plaintiff's complaint for failure exhaust and, alternatively, failure to state a claim. The Court agrees that Plaintiff failed to exhaust any claims against Unit Manager Smith and Sergeant Williams. Likewise, the claims that Nurse Endres and Dr. Akuwanne failed to provide proper follow-up or proper medications after Plaintiff was taken to a dermatologist in May 2013 have not been exhausted. Plaintiff has arguably exhausted his claims that Nurse Endres and Dr. Akuwanne failed to properly diagnose and provide the proper medicine for his skin infection as of May 2013. However, as explained below, the exhausted claims should be dismissed for failure to state a claim.

A.     Failure to Exhaust

Title 42, United States Code section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  "[W]hen a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit."  *Johnson v. Meadows*, 418 F.3d 1152, 1156 (11th Cir. 2005) (internal quotation marks and citation omitted).  The argument that a plaintiff has failed to satisfy section 1997e(a) is properly raised in a motion to dismiss.  *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) ("[E]xhaustion should be decided on a Rule 12(b) motion to dismiss[.]").  Furthermore, since dismissal for failure to exhaust is not an adjudication on the merits, the Court can resolve factual disputes using evidence from outside the pleadings.  *Id.* at 1376.

"[D]eciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process."  *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).  "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's versions of the facts as true."  *Id.*  If, taking plaintiff's facts as being true, the defendant is entitled to dismissal for failure to exhaust, then the complaint should be dismissed.  *Id.*  "If the complaint is not subject to dismissal at the first step . . . , the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion."  *Id.*  The defendant bears the

5

burden of proof during this second step. *Id.*

Defendants move to dismiss for lack of exhaustion claiming that Baldwin State Prison, as part of the Georgia Department of Corrections (GDOC), has a grievance procedure in place, but that Plaintiff failed to fully utilize this procedure. (Defs.' Mem. in Supp. of Mot. to Dismiss. 7-10, ECF No. 20-1.) Plaintiff states in his Second Amended Complaint that he attempted to appeal his grievances regarding his medical care but his counselor refused to provide him with an appeal form. (Second Am. Compl. 1-2.) Plaintiff likewise states in his response to the motion to dismiss that his counselor would not give him the proper form to appeal his grievance. (Pl.'s Resp. to Defs.' Mot. to Dismiss 1-2, ECF No. 28.) Because at the first stage of the exhaustion analysis the Court must take Plaintiff's version of the facts as being true, Plaintiff's Complaint cannot be dismissed for lack of exhaustion at this first step. *Turner*, 541 F.3d at 1082; *see also Dollar v. Coweta Cnty. Sheriff Office*, 446 F. App'x 248, 251-52 (11th Cir. 2011).

Since the Complaint was not dismissed at the first step, the Court can then make factual findings relating to exhaustion. A defendant bears the burden of establishing a lack of exhaustion at the second step of the inquiry. *Turner*, 541 F.3d at 1082-83. The Defendants here have met that burden regarding some of Plaintiff's claims.

Defendants have established that Baldwin State Prison uses the Georgia Department of Corrections' Standard Operating Procedures (SOPs) regarding grievances. (Lumpkin Aff. ¶ 6 & Attach. 2, July 24, 2014, ECF No. 20-2.) The SOPs mandate that an inmate must follow a two-step process in order to exhaust his remedies: (1) file an original grievance no later than ten days from the date of the incident giving rise to the grievance;

6

and, if the original grievance is rejected, (2) file an appeal to the Central Office.  (*Id.* ¶¶ 9-21, Attach. 2 at 7-12.)  "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules[.]"  *Jones v. Bock*, 549 U.S. 199, 218 (2007) (internal quotation marks and citation omitted).  Thus, in order for Plaintiff to have exhausted his administrative remedies, he needed to have filed a grievance and appeal concerning each of his deliberate indifference claims.  This process must have been completed prior to filing this action.  *See, e.g., Brown v. Sikes*, 212 F.3d 1205, 1207 (11th Cir. 2000) ("[W]hen a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure *before* pursuing a § 1983 lawsuit." (emphasis added)).

    Plaintiff filed several grievances prior to filing this action.  (Lumpkin Aff. Attach. 1, ECF No. 20-2.)  Of those filed in the relevant time period, two concerned Plaintiff's medical treatment at Baldwin State Prison.  (Lumpkin Aff. ¶ 22 & Attach. 1.)  Neither of these grievances mentions directly or tangentially Unit Manager Smith and Sergeant Williams.  In fact, no officer is mentioned or referenced at all in either of these grievances and no reference is made to any officer hindering or preventing Plaintiff from receiving any medical treatment.  It is thus clear from the evidence presented that Plaintiff failed to exhaust his administrative remedies regarding Unit Manager Smith and Sergeant Williams and the claims against them should be dismissed.

    Furthermore, grievance number 153609, which is fully exhausted, does not relate to any of Plaintiff's surviving claims.  In that grievance, Plaintiff complains that the health

administrator—Defendant Speights—failed to provide Plaintiff with a proper follow-up visit to the dermatologist. (Lumpkin Aff. Attach. 5.) This grievance is fully exhausted (Lumpkin Aff. Attachs. 6-7), but references a claim that was dismissed on preliminary review. Consequently, this grievance is irrelevant for determining whether Plaintiff exhausted his deliberate indifference claims regarding the remaining Defendants.

In grievance number 147113, the final remaining relevant grievance, Plaintiff states that he has a "serious fungus problem" that he has been complaining about since 2011 and which has not been properly treated by Defendants Endres or Akuwanne. (Lumpkin Aff. Attach. 3.) He requests to be seen by an "outside doctor" to treat his problem. (*Id.*) This grievance was submitted on April 1, 2013. (*Id.*) On April 24, 2013, the warden filed a response which states that on April 4, 2013, Dr. Akuwanne requested a consultation for Plaintiff with a dermatologist. Plaintiff received the grievance response on May 8, 2013 and did not appeal. (*Id.* Attach. 1.)

Plaintiff claims in his Second Amended Complaint and response to the motion to dismiss that he did not appeal this grievance because his counselor would not provide him with the appeal form. (Second Am. Compl. 1-2; Pl.'s Resp. to Defs.' Mot. to Dismiss 1-2.) Defendants respond that Plaintiff has failed to show that the administrative remedies were unavailable to him. (Defs.' Reply 3, ECF No. 31.) Specifically, they state that Plaintiff has failed to provide evidence that he was prohibited or prevented from using the grievance procedure and that he did fully exhaust other grievances surrounding the filing of grievance 147113. (*Id.* 3-4.) Defendants thus urge that Plaintiff's claims against Defendants Endres and Akuwanne be dismissed for failure to exhaust.

8

The Court agrees that it is likely that Plaintiff has failed to provide enough evidence to show that the grievance procedure was unavailable to him regarding grievance 147113. However, the Court questions the necessity of appealing that grievance given that Plaintiff received the relief he was requesting. (Lumpkin Aff. Attach. 3-4.) On April 1, 2013, Plaintiff requested to be referred to an external doctor. (*Id.* Attach. 3.) Subsequent to Plaintiff's grievance, the doctors at Baldwin State Prison submitted a consultation request so that Plaintiff could see a dermatologist for his medical condition. (*Id.* Attach. 3-4.) Plaintiff was informed of the dermatologist referral in the response to his grievance. (*Id.* Attach. 4.) The SOPs regarding central office appeals state that an inmate may file an appeal "[i]f the offender's Original Grievance was rejected[.]" (Lumpkin Aff. Attach. 2 at 11.) Although the Georgia Department of Corrections' Offender Grievances form states that Plaintiff's grievance 147113 was denied (Lumpkin Aff. Attach. 1), the actual grievance response merely states that the grievance is "closed." (*Id.* Attach. 4.) It is unclear from the evidence before the Court whether it was necessary for Plaintiff to appeal this grievance in accordance with the Georgia Department of Corrections' SOPs. Consequently, it is recommended that Plaintiff's claim for deliberate indifference to his "severe fungal infection" as against solely Defendants Endres and Akuwanne and arising before April 1, 2013 be allowed to proceed.

B.     Failure to State a Claim

Defendants also argue that Plaintiff has failed to state a claim for deliberate indifference and that his Complaint should be dismissed pursuant to Federal Rules of Civil Procedure Rule 12(b)(6). When considering a 12(b)(6) motion to dismiss, the Court must

9

accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

Plaintiff's only claims that are arguably exhausted are his claims against Defendants Endres and Akunwanne prior to his visiting the dermatologist in May 2013. His allegations regarding the relevant time period are as follows: Plaintiff claims that Defendant Endres began treating him for his skin infection in November 2011. (Compl. Attach. 1 at 2, ECF No. 1-1.) At that appointment Plaintiff told Defendant Endres that he needed to see an external doctor. (*Id.*) Defendant Endres ignored his request for an external doctor but prescribed him a different fungal cream to be used for twenty-one days. (*Id.*) In April 2012, Plaintiff again saw Defendant Endres. (*Id.* at 3.) Plaintiff told Defendant Endres that the cream she gave him was not working to cure his infection. In

response, she told Plaintiff to continue to use the cream and to change his underwear regularly. (Compl. Attach. 1 at 3.) Plaintiff again requested to see an external doctor, but was not referred to one. (*Id.*)

Plaintiff next saw Defendant Endres in July 2012. At that appointment, Defendant Endres provided Plaintiff with a different prescription cream and referred Plaintiff to Dr. Akunwanne. (*Id.*) Plaintiff first saw Dr. Akunwanne for his skin infection in July 2012. At that appointment, Plaintiff explained to Dr. Akunwanne that he had had this medical issue for over a year and that the previous creams were not helping. (*Id.* at 4.) Plaintiff asked to be referred to an external doctor. Dr. Akunwanne did not refer Plaintiff to an external doctor and prescribed the same cream that Defendant Endres previously prescribed. (*Id.*) Plaintiff saw Defendant Endres in September 2012, and she again prescribed him a cream Plaintiff claims was ineffective on his skin condition. (*Id.*)

In February 2013, Plaintiff saw Dr. Akunwanne and explained that the treatments were not working to solve his skin problem and that he needs to see an external doctor. (Compl. Attach. 1 at 5.) Dr. Akunwanne told Plaintiff that he has a rash that takes time to heal and that Plaintiff needs to practice healthy personal hygiene measures. (*Id.* at 5-6.) Dr. Akunwanne also prescribed Plaintiff a different cream which he was supposed to try for thirty days. (*Id.* at 6.) Plaintiff then filed a grievance and was referred to a dermatologist at Augusta State Prison. (*Id.* at 6-7.)

Plaintiff argues that the above described actions by Defendants Endres and Akunwanne show that they were deliberately indifferent to his severe medical needs. "The Eighth Amendment's prohibition against cruel and unusual punishments protects a

11

prisoner from deliberate indifference to serious medical needs." *Kuhne v. Fla. Dep't of Corr.*, 745 F.3d 1091, 1094 (11th Cir. 2014) (internal quotation marks and citations omitted). "However, not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *McElligott v. Foley*, 182 F.3d 1248, 1254 (11th Cir. 1999) (internal quotation marks and citation omitted). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id.*

Instead, "[t]o prevail on a deliberate indifference to serious medical need claim, [a plaintiff] must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l*, 588 F.3d 1291, 1306-07 (11th Cir. 2009). "A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011) (internal quotation marks and citation omitted). Deliberate indifference requires a showing of a "subjective knowledge of a risk of serious harm" and "disregard of that risk . . . by conduct that is more than mere negligence." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004) (ictation omitted).

Here, Plaintiff has alleged misdiagnosis of his skin condition by both Defendant Endres and Akuwanne. Plaintiff further alleges that the continued misdiagnosis of his skin condition resulted in Defendants prescribing him improper medications for treatment.

12

He states that Defendants repeatedly saw him and attempted to treat his skin condition. He further avers that they tried multiple different medications and recommended several different personal hygiene measures Plaintiff could take to try to improve his condition. Plaintiff disagrees with the effectiveness of these medications and recommended treatments, but does not allege that the Defendants failed to treat him, delayed his care, provided "grossly inadequate care[,]" or made a decision to use "an easier but less efficacious course of treatment." *McElligott*, 182 F.3d at 1255. The allegations at best constitute negligence or medical malpractice which does not give rise to an Eighth Amendment violation. *See Estelle v. Gamble*, 429 U.S. at 106. Consequently, Defendants' motion to dismiss should be granted as Plaintiff has failed to state a claim for deliberate indifference.

### III.   Miscellaneous Motion

Plaintiff also filed a "motion to request from the Court to make all arranged conferences by telephone, video, or other telecommunications technology that Plaintiff may attend from his place of confinement." (ECF No. 13.) Specifically, Plaintiff requests that he be allowed to attend all proceedings or for a transcript to be provided of any proceeding that he is not able to attend. Because it is recommended that Plaintiff's complaint be dismissed, it is recommended that this miscellaneous motion be denied as moot.

### CONCLUSION

For the reasons explained above, Defendants' motion to dismiss (ECF No. 20) should be granted for Plaintiff's failure to exhaust his administrative remedies and failure

to state a claim. Plaintiff's motion to amend (ECF No. 24) should be granted in part and denied in part and his motion to amend (ECF No. 27) should be denied. Plaintiff's miscellaneous motion should be denied as moot. Under 28 U.S.C. § 636(b)(1), the parties may file objections to this Recommendation in writing with the United States District Judge within fourteen (14) days after being served with a copy hereof.

    SO RECOMMENDED, this 12th day of December, 2014.

                                          S/Stephen Hyles
                                          UNITED STATES MAGISTRATE JUDGE